# IN THE SUPREME COURT OF TEXAS

════════════

No. 10-0928

════════════

RAUL ERNESTO LOAISIGA AND
RAUL ERNESTO LOAISIGA, M.D., P.A., PETITIONERS,

v.

GUADALUPE CERDA, INDIVIDUALLY AND AS NEXT FRIEND OF
MARISSA CERDA, A MINOR, AND CINDY VELEZ, RESPONDENTS

════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

════════════════════════════════════════════════════

JUSTICE HECHT, joined by JUSTICE MEDINA, concurring in part and dissenting in part.

Principal among the Legislature's stated purposes in enacting the Medical Liability Act was decreasing the cost of health care liability claims without unduly restricting a claimant's rights.[1] But disagreements over the Act's expert report requirement,[2] which is merely intended to weed out

---

[1] Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.11(b) (2), (3), 2003 Tex. Gen. Laws 847, 864, 884-885 (adopting the Medical Liability Act as Chapter 74 of the Texas Civil Practice & Remedies Code, and providing that "it is the purpose of [the Act] to improve and modify the system by which health care liability claims are determined in order to . . . decrease the cost of those claims and . . . do so in a manner that will not unduly restrict a claimant's rights . . . ."); *see also Scoresby v. Santillan*, 346 S.W.3d 546, 552 (Tex. 2011) ("Fundamentally, the goal of [the Act] has been to make health care in Texas more available and less expensive by reducing the cost of health care liability claims.").

[2] The Act requires that within 120 days of filing suit, a claimant must serve a defendant with an expert report setting out the applicable standard of care, how the defendant breached it, and how that breach caused the claimant's damages. TEX. CIV. PRAC. & REM. CODE § 74.351(a), (r)(6).

frivolous claims early on,[3] have resulted in protracted pretrial proceedings and multiple interlocutory appeals, threatening to defeat the Act's purpose by increasing costs and delay that do nothing to advance claim resolution. In an effort to staunch this waste of time and money, we have tried to minimize the grounds for such disagreements. We have held that the standard for adequacy of a report is lenient,[4] and that leave to cure any deficiencies in a report must be freely given.[5] As a result, objections and appeals should be fewer.

With the same goal in mind, the Court today tackles the issue of when an expert report is required. The Court concludes that "[t]he breadth of the statute's text essentially creates a presumption that a claim is an HCLC if it is against a physician or health care provider and is based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement."[6] I agree that the Act creates such a presumption and that it is, as the Court says, "necessarily rebuttable".[7]

---

[3] *Scoresby*, 346 S.W.3d at 552 (stating that the Act seeks "to deter frivolous lawsuits by requiring a claimant early in litigation to produce the opinion of a suitable expert that his claim has merit").

[4] *Id*. at 549 ("[A] document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit. An individual's lack of relevant qualifications and an opinion's inadequacies are deficiencies the plaintiff should be given an opportunity to cure if it is possible to do so. This lenient standard avoids the expense and delay of multiple interlocutory appeals and assures a claimant a fair opportunity to demonstrate that his claim is not frivolous.").

[5] *Id*. ("[The Act] authorizes the trial court to give a plaintiff who meets the 120-day deadline an additional thirty days in which to cure a 'deficiency' in the elements of the report. The trial court should err on the side of granting the additional time and must grant it if the deficiencies are curable." (footnotes omitted)).

[6] *Ante* at ___.

[7] *Ante* at ___.

For the claimant who contends his claim is not an HCLC, obtaining an expert report should not present a major obstacle, as this case illustrates. The expert report here says, in essence, that sexual assault is not a part of health care. One need not turn to the Mayo Clinic for such an opinion. An expert report, as we have interpreted it, is a low threshold a person claiming against a health care provider must cross merely to show that his claim is not frivolous. Occasionally there will be cases — this may be one — in which an expert report is required even though evidence later shows that the claim is not an HCLC. While the requirement is thus not perfect, it is nevertheless a reasonable effort by the Legislature to address what it found to be a crisis in HCLCs. But the Act's limitations on damages and other restrictions are far more severe. A conclusion made early in the case that an expert report must be produced does not preclude a later determination, after the case is more fully developed, that the Act's provisions do not apply after all.

The claimants in this case proceeded exactly as they should have. Insisting that their claims are not HCLCs but claims for assault, they nevertheless produced an expert report. I agree with the Court that the expert could not rely entirely on the claimants' petition. A requirement that an expert do no more than opine that a pleaded claim, if true, has merit would do little to forestall frivolous claims. In most instances, medical records will be enough to support an expert's opinion. In this case, it seems unlikely that a chart notation, "groped patient unnecessarily", will be found, and the expert may need to base his opinion on an interview with the claimants. In any event, the deficiency should be simple to cure. The expert's review of records showing that the claimants' medical or physical conditions did not warrant the alleged touching will suffice. Thus, it is unnecessary for the Court to allow the claimants on remand to attempt to show, again, that an expert report is not

3

required. The Court's suggestion that they might succeed contradicts the standard the Court announces. I would not allow further proceedings on the issue and risk another appeal. In all other respects, I join the Court's opinion.

_____
Nathan L. Hecht
Justice

Opinion delivered: August 31, 2012